```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

TORRIN PERRY,                   )
                                )
                Plaintiff,      )
                                )
     v.                         )    No.  12 C 6755
                                )
MERCY HOUSING, et al.,          )
                                )
                Defendants.     )
```

                    MEMORANDUM OPINION AND ORDER

   Pro se plaintiff Torrin Perry ("Perry") has employed the Clerk's-Office-supplied form of Complaint for Violation of Constitutional Rights to sue four defendants: Mercy Housing, Lynda Cobb ("Cobb"), Porsoe Wilkens ("Wilkens") and Cecillya Odell ("Odell"). Because Perry has failed in his obligation to establish the existence of federal subject matter jurisdiction, this memorandum opinion and order dismisses the Complaint and this action sua sponte.

   According to Complaint ¶10,[1] Perry's troubles began on June 23 of this year when Chicago police, apparently acting on a mistaken tip, entered his apartment without a warrant and--after handcuffing him--searched the apartment for firearms and took him into custody. It took a month before Perry was released from the

---

   [1] Perry's handprinting or handwriting is often extremely hard to follow (for example, although Wilkens' name appears several times in the caption and text, the correct spelling of his or her first name is not at all certain. But this Court has soldiered through his narrative (albeit with a good deal of difficulty), and it is quite certain that this opinion has his story right.

Cook County Jail on July 23, and when he then tried to return to his apartment he was denied entry--and that was followed by a successful eviction proceeding.[2] According to Complaint ¶III Perry has previously sued the offending Chicago Police in Case No. 12 C 5646, which was assigned to this Court's colleague Honorable Sam Der-Yeghiayan.

But although Perry may well have a viable 42 U.S.C. §1983 ("Section 1983") claim in that earlier lawsuit, he clearly flunks that precondition to suit here.  Leave aside the point that Mercy Housing would not appear to be a suable legal entity (a likely curable flaw).  What rather controls here is that any deprivation of a property interest (for example, his rights as a lessee) of which Perry complains at the hands of his former lessor and its agents did not take place without due process of law--instead he alleges that a legal eviction took place.

Accordingly Section 1983 has not been brought into play. Hence both the Complaint and this action are dismissed--but without prejudice to the possibility that Perry may have a nonfederal claim that could be pursued in a state court of

---

[2] That last action has led to this lawsuit:  Mercy Housing is his former landlord, Odell was the desk clerk that originally denied him entry, Cobb is described in Complaint ¶II.B as "Head Manager" and Wilkens is described in Complaint ¶II.C as "Property Manager."

competent jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 29, 2012